COOK, Justice
(dissenting).
I agree with the Court of Civil Appeals that the visitation order in this case is an abuse of discretion; thus, I dissent. The visitation order is overly restrictive, and a less restrictive order would accomplish the stated goal of the trial court, that is, that “in no event shall the children be around [N.L.] during any visitation period.” The order requires that visitation be exercised “only at the maternal grandparents’ home under their supervision and control.” The order by its terms limits visitation to the “home” of the maternal grandparents and, thereby, prevents any other interaction of the mother with the children. The main opinion concludes that this restriction is justified, by citing specific instances of poor parenting skills of R.W. By restricting visitation to the “home” of the maternal grandparents, the order is ambiguous and subject to the interpretation that it prevents the maternal grandparents from consenting to or accompanying R.W. and the children to activities outside of the home.
The order further states that “[njeither party shall have overnight adult guests (family excluded) while [the] children are in their home and under their custody unless they are married thereto.” Under the express terms of the order, this language could not impact the mother, because visitation for the mother would occur only at the home of the maternal grandparents, and never in the mother’s home. The express language relating to overnight guests cannot be construed to be applicable to the maternal grandparents because there is no evidence that the maternal grandparents are parties. Therefore, this portion of the order applies only to the father, and I am not aware of any evidence that present or potential friends or colleagues of the father would have any impact, negative or otherwise, on the children.
Admittedly, divorce, custody, and visitation orders present situations of some complexity. There is no question that this is a case charged with philosophical emotion. The main opinion suggests that R.W., because of her relationship, “is continually engaging in conduct that violates the criminal law of this state.” The trial court found R.W.’s conduct to violate the laws of nature. Stripping aside this philosophical emotion, the question remains: Is this visitation order so broad that, in part, it is not supported by the evidence? I believe it is. Therefore, I dissent.